KELLY, Circuit Judge,
concurring in part and dissenting in part.
The court concludes that Detectives Randle and Grisafe are entitled to qualified immunity.. It reaches that decision after relating the facts as presented by only the detectives and Sergeant Dearing. But our review of this summary judgment case is very limited in scope. We may review only the legal issue presented— whether the Detectives are entitled to qualified immunity — and that legal issue must be “considered on facts favorable to [the plaintiff].” McNeese, 675 F.3d at 1161; see Bridgewater, 23 F.3d at 1449 (noting that, on appeal from summary judgment, this court must view the evidence “in the light most favorable to the plaintiff’). Under that review, viewing the facts in Ransom’s favor, I would conclude that Detectives Randle and Grisafe violated Ransom’s constitutional rights and thus are not entitled to qualified immunity.
As the court acknowledges, Sergeant Dearing testified that he had told “probably one of [the] detectives” to take off Ransom’s handcuffs because “it didn’t look like we had probable cause to arrest him.” In fact, Sergeant Dearing testified that when he ordered Ransom released from the wagon and the handcuffs, he no longer believed the officers had even a reasonable suspicion of wrongdoing. Yet, despite the instruction to release Ransom, Sergeant Dearing also told Detective Randle to get a statement from Ransom. Though there is no evidence in the record that either detective was expressly informed that there was no probable cause to arrest Ransom, neither were they told that there remained any justification to hold him.
Additionally, Ransom testified that he asked Detective Randle if he could go home. Detective Randle denied Ransom’s request and responded that Ransom instead had to go downtown for questioning. Ransom was not booked or arrested, but he was placed in what he believed to be a locked interview room for over 34 minutes while the detectives questioned him. The detectives asked Ransom about his family, whether he had “gold in his mouth,” whether he was missing any teeth, whether he was in a gang, and so on. He also was listed as a “Suspect” in an “Aggravated Assault,” not as a witness to an officer-involved shooting. After the questioning, they told him he was “free to go.”
Though the detainment was investigative in nature, and not custodial, Ransom had a right not to be subject to detainment against his will. See Hayes v. Florida, 470 U.S. 811, 816, 105 S.Ct. 1643, 84 L.Ed.2d 705 (1985) (concluding that police may not, “without probable cause or a warrant, forr cibly remove a person from his home or other place in which he is entitled to be and transport him to the police station, where he is detained, although briefly, for investigative purposes”).[5] Viewing the evidence in Ransom’s favor, I conclude that the Detectives did detain Ransom against his will without probable cause to do so in violation of his constitutional right as described in Hayes. As a result, I believe *816 the district court properly denied Detectives Randle and Grisafe’s motion for summary judgment based on qualified immunity, and I respectfully dissent from the court’s conclusion to the contrary in Part 11(b).
Under the same standard of review, however, I agree that Officers Phillips and Conaway and Sergeant Dearing are entitled to qualified immunity. I also acknowledge this odd result: The officers who open-fired on an unarmed man are given immunity; yet the detectives who transported the same unarmed man, without restraint, to a police station to ask him questions and then took him home would receive no immunity. But the peculiarity of the facts in this case leads to those conclusions. All involved parties agreed that the van’s backfires sounded like gunshots. The 911 caller certainly thought so, too. It was reasonable for the officers to react as officers would be expected to react in the highly unusual and potentially dangerous situation presented in this case. How lucky that the officers did not hit Ransom, or anyone else, when they fired their guns. But even viewing the facts in Ransom’s favor, and despite the frightening circumstances, the officers are immune under the law from this suit. Thus, I concur in the court’s conclusion in Part 11(a). I concur in Part 11(c), as well.

. The parties do not dispute that this right is "clearly established” for purposes of qualified immunity.